Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SELAMI SHABANI, | Civil Action No.: 23-cv-1139 |
| *Plaintiff*, | COMPLAINT |
| -against- | JURY TRIAL DEMANDED |
| OAKWOOD NORTH AND SOUTH OWNERS CORP., EBMG LLC, JEFFREY HERSKOVITZ, MARK LEVINE AND SASON SHOLOMOV A/K/A SAM LAVISTA. | |
| *Defendants*. | |

--------------------------------------------------------X

SELAMI SHABANI ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., upon his knowledge and belief, and as against JEFFREY HERSKOVITZ, MARK LEVINE, EBMG LLC, SASON SHOLOMOV A/K/A SAM LAVISTA and OAKWOOD NORTH AND SOUTH OWNERS CORP. (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a current employee of OAKWOOD NORTH AND SOUTH OWNERS CORP. at 108-49 63rd Ave Forest Hills, NY 11375 that is owned and/or operated by Defendants JEFFREY HERSKOVITZ, MARK LEVINE, EBMG LLC and OAKWOOD NORTH AND SOUTH OWNERS CORP.

2. Defendant OAKWOOD NORTH AND SOUTH OWNERS CORP. is the entity that owns the property where Plaintiff works and the entity through which his checks are issued.

1

They also monitor his work performance and control his rate of pay and other terms of compensation

3. Defendant EBMG LLC is the entity that served as the management company contracted on behalf of OAKWOOD NORTH AND SOUTH OWNERS CORP. They control the day to day activities of Plaintiff and monitored his work performance, assigned tasks and direct him on a daily basis through Defendant JEFFREY HERSKOVITZ.

4. Defendants own, operate, and/or control the co-operative buildings located at 108-49 63rd Ave Forest Hills, NY 11375 and 108-50 62nd Drive Forest Hills, NY 11375.

5. Plaintiff is employed as a building superintendent from approximately 2005 until the present. Plaintiff currently continues to work for the Defendants.

6. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours he worked each week over 40 hours.

7. Further, Defendants failed to provide Plaintiff with the proper wage notices and statements under the New York Labor Laws.

8. And, moreover, Defendants discriminated against Plaintiff due to his age and/or national origin.

9. Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs along with related federal, state and city law claims for age discrimination and national origin discrimination.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

**THE PARTIES**

12.     Plaintiff SELAMI SHABANI ("Plaintiff SHABANI") is an adult individual residing in Queens County, New York. Plaintiff SHABANI has been employed by Defendants at the residential building owned and operated by Defendants from approximately June 2005 to the present.

13.     Defendant OAKWOOD NORTH AND SOUTH OWNERS CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 108-49 63rd Ave Forest Hills, NY 11375.

14.     Defendant OAKWOOD NORTH AND SOUTH OWNERS CORP. hired Plaintiff.

15.     Defendant OAKWOOD NORTH AND SOUTH OWNERS CORP. have the power to discharge Plaintiff.

16.     Defendant OAKWOOD NORTH AND SOUTH OWNERS CORP. pays Plaintiff.

17.     Defendant OAKWOOD NORTH AND SOUTH OWNERS CORP. controls and direct Plaintiff in his job duties.

18. Defendant JEFFREY HERSKOVITZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant JEFFREY HERSKOVITZ is sued individually in his capacity as an owner, officer and/or agent of Defendant EBMG LLC ('Defendant Corporation').

19. Defendant JEFFREY HERSKOVITZ possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

20. Defendant JEFFREY HERSKOVITZ determined the wages and compensation of the employees of Defendants, including Plaintiff.

21. Defendant JEFFREY HERSKOVITZ established the schedule of the Plaintiff and other employees.

22. Defendant JEFFREY HERSKOVITZ maintained employee records.

23. Defendant JEFFREY HERSKOVITZ disciplined Plaintiff

24. Defendant JEFFREY HERSKOVITZ assigned Plaintiff work tasks on a daily basis.

25. Defendant JEFFREY HERSKOVITZ fielded Plaintiff's complaints about work and pay.

26. Defendant MARK LEVINE is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MARK LEVINE is sued individually in his capacity as an officer and/or agent of Defendant Corporation.

27. Defendant MARK LEVINE possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

28. Defendant MARK LEVINE had the power and control over the conditions of employment for Plaintiff SHABANI including reviewing pay roll, schedules and work assignments.

29. Defendant MARK LEVINE was in a position of responsibility and control as the president of the management company and was aware that Defendants were not paying Plaintiff lawfully.

30. Defendant MARK LEVINE implemented and executed the unlawful payment policies directed at Plaintiff.

31. Defendants are associated and joint employers, act in the interest of each other with respect to the residential building located at 108-49 63rd Ave Forest Hills, NY 11375 .

32. Defendants share common operations, common promotional materials and acted jointly in the operation of the residential building located at 108-49 63rd Ave Forest Hills, NY 11375 .

33. Each Defendant possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

34. Defendants jointly employed Plaintiff employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

35. In the alternative, Defendants constitute a single employer of Plaintiff.

36. At all relevant times, Defendants are Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

37. In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

38. Defendants and/or their enterprise were directly and indirectly engaged in interstate commerce. For example, Plaintiff and Defendants' employees handled and purchased for the business cleaning items and construction tools that originated out of state that were used in the servicing the 202 unit residential buildings located at 108-49 63rd Ave Forest Hills, NY 11375 and 108-50 62nd Drive Forest Hills, NY, such as mops, bleach, power tools, garbage bags, flashlights, paint, ladders, bags, brooms, pails, road salt, shovels, spackle, plumbing tools, saw blades, screws, nails, primer, dry wall, trim lumber, locksmithing tools, ammonia, Windex, glass, glaze, glue, chalk, rags, paper towels, vacuum cleaners, wrenches, plumbing snakes, power washers, duct tape, electrical tape, wires, catspaws, crow bars and other cleaning supplies and construction equipment.

39. Defendant SASON SHOLOMOV A/K/A SAM LAVISTA is sued in his capacity as a member and agent of the Corporate Defendants and in his capacity as an employer and as an individual. He resides in Queens, New York.

40. Defendant SASON SHOLOMOV A/K/A SAM LAVISTA is a board member of the corporate Defendants and has inexplicably targeted Plaintiff SHABANI for an ugly and obnoxious campaign of harassment based on Plaintiff's age – 70 – and his national origin – Albania.

41. Defendant SHOLOMOV has made countless comments about both Plaintiff's age and national origin while working tirelessly to direct Defendants to try to pressure Plaintiff out his employment.

*Plaintiff SELAMI SHABANI*

42. Plaintiff SHABANI has been employed by Defendants from approximately 2005 to the present.

6

43. Throughout his employment with defendants, Plaintiff SHABANI was employed as the building superintendent at the residential building at 108-49 63rd Ave Forest Hills, NY 11375 .

44. Plaintiff SHABANI regularly handled goods in interstate commerce, such as cleaning supplies, construction material, paint, tools, mail, packages and deliveries and other supplies produced and originating from outside the state of New York.

45. Plaintiff SHABANI's work was supervised and his duties required neither discretion nor independent judgment.

46. Plaintiff SHABANI regularly worked in excess of 40 hours per week.

47. From approximately 2017 to the present, Plaintiff SHABANI was explicitly assigned to work six (6) days a week at the following schedule:

   a. Mondays: 8 A.M. until 5 P.M.

   b. Tuesday: 8 A.M. until 5 P.M.

   c. Wednesday: 8 A.M. until 5 P.M.

   d. Thursday: 8 A.M. until 5 P.M.

   e. Friday: 8 A.M. until 5 P.M.

   f. Saturday: 8 A.M. until 12 P.M.

   g. Sunday: Typical Day Off

48. In addition to the above schedule, Plaintiff was required perform other work multiple times a week outside the explicit schedule including but not limited to fixing tenant or sponsor emergencies, snow removal or remediation for yet another additional 4-10 hours a week from December through March, ad hoc repair and moving jobs after typical hours that took between 1-5 hours a week. Altogether, Plaintiff typically worked between 48-54 compensable

hours per week in the spring, summer and fall and between 50-60 compensable hours in the winter months (December through March).

49. Defendants frequently demanded that Plaintiff remain in his apartment during nights and weekends in the event an emergency arose without any extra pay.

50. Defendants demanded that Plaintiff be on-call 24/7 to respond to complaints or emergencies as they arose.

51. From approximately 2017 to the present, Defendants paid Plaintiff SHABANI a weekly salary with no premium for his overtime hours at the following rates:

   a. 2017 – $775.00

   b. 2018 – $800.00

   c. 2019 – $875.00

   d. 2020 – $875.00

   e. 2021 – $875.00

   f. 2022 - $975.00

52. No proper notification was given to Plaintiff SHABANI regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

53. Defendants failed to provided Plaintiff SHABANI all of the proper and complete notices in English and in Albanian (Plaintiff SHABANI's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) for each year he worked or each change in rate of pay.

*DISCRIMINATORY CONDUCT – HOSTILE WORKPLACE*

54. Starting on or about November 2022, the Defendants created and/or condoned and/or ratified and/or aided and abetted the creation of a hostile work environment against the

Plaintiff who is 70 years old.

55. Some of the sponsors and board members had begun a campaign of harassment and intimidation directed at Plaintiff because of his age and are actively seeking his discharge.

56. Board member Defendant SASON SHOLOMOV A/K/A SAM LAVISTA began circulating a petition seeking signatures to have Plaintiff removed from his post sometime around December 5, 2022.

57. Defendant SASON SHOLOMOV A/K/A SAM LAVISTA has made numerous comments about the Plaintiff's age and national origin such as stating in sum and substance that Plaintiff is too old for the job, that there needs to be a Russian working as the superintendent and even stating so bluntly to another board member who refused to sign his petition that "I [Sam Lavista] don't want this fucking Albanian here."

58. Defendant SASON SHOLOMOV A/K/A SAM LAVISTA inquired of the superintendent of Oakwood North about Plaintiff's age when he began his campaign against Plaintiff and expressed his intention to have him removed.

59. Defendant SASON SHOLOMOV A/K/A SAM LAVISTA also approached Plaintiff's son on or about December 27th, 2022, who lives in the same building, and stated in sum and substance that Plaintiff was too old for his job as a superintendent and whether he stays on the job depended on whether Plaintiff listened to 'us'.

60. Defendant Jeffrey Herskovitz also stated to Plaintiff that he would likely be fired if his son did not vote a certain way at a board meeting. This was pretextual to hide their discriminatory motive and condonation of Defendant SASON SHOLOMOV A/K/A SAM LAVISTA' behavior towards Plaintiff.

61. Plaintiff customarily received an end of the year bonus worth one to two paychecks.

9

However, since Defendant began their campaign of hostility, Plaintiff received an end of the year bonus of only $150.00 from the Defendants.

62. Defendant Herskovitz stopped visiting Plaintiff for weekly staff meetings. These meeting were always held at Plaintiff's office at 108-49 since September. However, since threatening Plaintiff with discharge, these meetings have been held at the 108-50 office with a younger live-in employee.

63. Defendants have also threatened to take away Plaintiff office to turn it into a lounge, gym or conference room.

64. Defendants have begun to impose new and burdensome work assignments on the Plaintiff, often completely officious assignments such as painting a meter room that had no reasonable need to be painted. Defendants have not imposed the same assignments on a similarly situated superintendent who works a connected building owned and operated by the Defendants

65. Defendants have begun requiring Plaintiff to report on his activities and expenditures with an impossible level of detail while not requiring the same of another younger superintendent who works in a connected building owned and operated by the Defendants.

66. Plaintiff now experiences terrible anxiety and emotional distress on a daily basis. His work is being held to a level of scrutiny by Defendants and their agents like never before. His colleagues and friends in the workplace have begun to treat him like a marked man and all through no fault of his own.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

69. Plaintiff frequently complained to Defendants that he was not being compensated properly for his overtime hours.

70. Plaintiff complained to Defendant JEFFREY HERSKOVITZ that his salary did not include compensation for his overtime hours.

71. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

75. Plaintiff frequently complained to Defendants that he was not being compensated properly for his overtime hours.

76. Plaintiff complained to Defendant JEFFREY HERSKOVITZ that his salary did not include compensation for his overtime hours.

77. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants failed to provide Plaintiff with a written notice, in English and in Albanian (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

81. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

82. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

83. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours

12

worked; and the number of overtime hours worked, as required by NYLL 195(3).

84. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

<h2 style="text-align:center"><u>FIFTH CAUSE OF ACTION</u></h2>

**DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW AND EXECUTIVE LAW**

85. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

86. By the actions described above, among others, Defendant has discriminated against Plaintiff on the basis of age and/or national origin in violation of the NYSHRL by creating a hostile workplace for Plaintiff.

87. Defendants have imposed and/or aided and abetted in the imposition of unusual and harsh conditions to Plaintiff's employ in an effort to drive him out of his position.

88. As a direct and proximate result of Defendant's unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm, including but not limited to emotional distress, for which he is entitled to an award of monetary damages and other relief to the greatest extent permitted by law.

89. Plaintiff also seek injunctive relief as may be necessary and appropriate to remedy Defendants' unlawful, discriminatory employment practices.

<h2 style="text-align:center"><u>SIXTH CAUSE OF ACTION</u></h2>

**NEW YORK STATE HUMAN RIGHTS LAW – AIDING and ABETTING**

90. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

91. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of his age and/or national origin in violation of the NYSHRL by denying him equal terms and conditions of employment, subjecting him to disparate working conditions and subjecting him to a cruel and oppressive work environment as a condition of his employment.

92. Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of law.

93. Plaintiff suffered embarrassment, humiliation and emotion distress, *inter alia*, as a result of his treatment by the Defendants.

94. Defendants conduct constitutes malicious, willful and wanton violations of the NYSHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

95. Plaintiff was damaged in an amount to be determined at trial.

## **SEVENTH CAUSE OF ACTION**

## **DISCRIMINATION VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAWS**

96. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

97. Following the commencement of this action, a copy of this Complaint has been and/or will be served both on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

98. By the actions described above, among others, Defendant has discriminated against Plaintiff on the basis of age and/or national origin in violation of the NYCHRL by creating a hostile

14

workplace for Plaintiff by imposing unusual and harsh conditions to his employ in an effort to drive him out of his employment.

99. Defendants treated Plaintiff differently and less well based upon his age and/or his national origin.

100. Defendants have imposed and/or aided and abetted in the imposition of unusual and harsh conditions to Plaintiff's employ in an effort to drive him out of his position.

101. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered, and continues to suffer, harm, including but not limited to emotional distress, for which he is entitled to an award of monetary damages and other relief to the greatest extent permitted by law.

102. Plaintiff also seek injunctive relief as may be necessary and appropriate to remedy Defendants' unlawful, discriminatory employment practices.

## EIGHTH CAUSE OF ACTION

### NEW YORK CITY HUMAN RIGHTS LAW – AIDING and ABETTING

103. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

104. Plaintiff has or will have served a copy of the complaint on both the Office of Corporate Counsel of the City of New York and the New York City Commission on Human Rights.

105. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of his age and/or national origin in violation of the NYCHRL by denying him equal terms and conditions of employment, subjecting him to disparate working conditions and subjecting him to a cruel and oppressive work environment as a condition of his employment.

106. Defendants knowingly and recklessly aided and abetted that unlawful employment practices and discrimination against Plaintiff in violation of NYCHRL Section 8-107(6).

107. Plaintiff suffered embarrassment, humiliation, and emotion distress, *inter alia*, as a result of his treatment by the Defendants.

108. Defendants conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

109. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### Age Discrimination in Employment Act of 1967

110. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

111. By the actions described above, among others, Defendant discriminated against the Plaintiff on the basis of his age by denying him equal terms and conditions of employment, subjecting him to disparate working conditions and subjecting him to a cruel and oppressive work environment as a condition of his employment.

112. Defendants knowingly and recklessly, severely and pervasively, harassed Plaintiff at work in an effort to make his life miserable so that he might quit.

113. Plaintiff suffered embarrassment, humiliation, and emotion distress, *inter alia*, as a result of his treatment by the Defendants.

114. Defendants conduct constitutes malicious, willful and wanton violations of the for which Plaintiff is entitled to punitive damages, damages for emotional distress, *inter alia*.

115. Plaintiff was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff;

(i) Enjoining Defendants from future violations of the NYLL;

(j) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff money damages, including but not limited to front pay, emotional distress and punitive damages, for Defendants' discriminatory conduct;

(l) Enjoining Defendants from engaging in further discriminatory and retaliatory conducted towards the Plaintiff;

(m) Reinstating the Plaintiff into his position with the Defendants;

(n) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(p) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff the attorneys' fees and costs incurred in this action,

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
       February 10th, 2023

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*